Bryan A. Giribaldo (to seek admission *pro hac vice*)
bgiribaldo@pkglegal.com
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444

Lawrence W. Freiman, Esq.
NV Bar No. 10588
FREIMAN LEGAL, P.C.
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
Tele: (310) 917-1004
lawrence@freimanlegal.com

*Counsel for Plaintiff and the proposed Class*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Christina Christensen, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| Integrated Home Solutions LLC, | |
| Defendant. | |

## Nature of this Action

1. Christina Christensen ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Integrated Home Solutions LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and belief, Defendant also routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing telephone call to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

## Parties

3. Plaintiff is a natural person who at all relevant times resided in Las Vegas, Nevada.

4. Defendant is a Florida limited liability company with its principal place of business in Jacksonville, Florida.

5. Defendant operates a foreclosure assistance service based out of Florida, but services states across the United States, including Nevada.[1]

6. Although it touts itself as a "Community Development Corporation," the IRS's Tax Exempt Organization Search website does not show Defendant listed as a tax-exempt organization.[2]

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

8. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) as a significant portion of the events giving rise to this action occurred in this district.

9. In particular, Defendant directed its solicitation text messages to person(s) located

---

[1] https://integratedhomesolutions.org/faq/ (listing Nevada as part of its service areas) (last visited May 22, 2026).

[2] https://apps.irs.gov/app/eos/ (last visited May 22, 2026). The IRS's Exempt Organizations Business Master File Extract for the State of Florida similarly does not identify Defendant as a tax-exempt organization. *See* https://www.irs.gov/charities-non-profits/exempt-organizations-business-master-file-extract-eo-bmf (last visited May 22, 2026).

in this District, and Plaintiff received the solicitation text messages in this District.

**Factual Allegations**

10. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(805) 202-XXXX.

11. Plaintiff uses her cellular telephone as her personal residential telephone number.

12. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

13. Plaintiff registered her cellular telephone number with the DNC Registry on October 13, 2015, and has maintained that registration through the present date.

14. In June 2025, Plaintiff received a barrage of text messages from (888) 898-9412 seeking to solicit Plaintiff to retain Defendant to provide various foreclosure assistance services:


5:13
5G
45
(888) 898-9412
Sunday, Jun 8 • 8:50 AM
Hey Christina Do you have a second?
The 06/27/2025 foreclosure date is coming up fast on your property at 3014 Playa Del Rey St
Are you looking to keep it or start over?
.
.
Reply "NHN" (No Help Needed) If you do not need Foreclosure Assistance and want to cancel your file with us.
.
.
Integrated Home Solutions (IHS)
Hey Christina, just checking in again-
The 06/27/2025 foreclosure date is coming up fast on your property at 3014 Playa Del Rey St.
Are you looking to keep it or start over?
Sunday, Jun 8 • 10:50 AM
Hey Christina Just in case you missed the last msg...
Your foreclosure date is coming up fast on 06/27/2025
Text message


5:13
(888) 898-9412
Are you looking to keep it or
over?
Sunday, Jun 8 • 10:50 AM
Hey Christina Just in case you missed the last msg...
Your foreclosure date is coming up fast on 06/27/2025
Are you looking to keep it or start over?
.
.
Reply "NHN" (No Help Needed) If you do not need Foreclosure Assistance and want to cancel your file with us. . .
Integrated Home Solutions (IHS)
Hey Christina, just following up-haven't heard back yet. That foreclosure date, 06/27/2025, is coming up quick. Are you looking to keep it or start over?
Sunday, Jun 8 • 11:50 AM
This is Maggie did you get my last message?
Hey Christina this is Maggie with IHS.
.
.
Reply "NHN" (No Help Needed) If you do not need Foreclosure Assistance and want to cancel your file with us. . .
Integrated Home Solutions (IHS)
Sunday, Jun 8 • 4:51 PM
Im reaching out about 3014 Playa Del Rey St
The foreclosure sale is set for 06/27/2025 and I'm reaching out to see if you're interested in either keeping the home or selling it prior to auction?
.
.
Reply "NHN" (No Help Needed) If you do not need Foreclosure Assistance and want to cancel your file with us. . .
Integrated Home Solutions (IHS)
Monday, Jun 9 • 4:50 PM
Text message


5:14
(888) 898-9412
Assistance and want to cancel your file with us. . .
Integrated Home Solutions (IHS)
Monday, Jun 9 • 4:50 PM
Hi Christina, I know you're getting bombarded with calls/text so please forgive me.
I'm following up about the foreclosure sale on 3014 Playa Del Rey St. Are you wanting to keep the home or selling it?
.
.
Reply "NHN" (No Help Needed) If you do not need Foreclosure Assistance and want to cancel your file with us. . .
Integrated Home Solutions (IHS)
Hi Christina, Quickly following up again...
I really do want to help you either stop the foreclosure or buy the property from you. Do you have a minute?
.
.
Reply "NHN" (No Help Needed) If you do not need Foreclosure Assistance and want to cancel your file with us. . .
Integrated Home Solutions (IHS)
Tuesday, Jun 10 • 5:00 AM
Hi Christina... I haven't heard back from you
I'd like to know when we can have a quick moment to discuss 3014 Playa Del Rey St?
.
.
Reply "NHN" (No Help Needed) If you do not need Foreclosure Assistance and want to cancel your file with us. . .
Integrated Home Solutions (IHS)
Wednesday, Jun 11 • 5:10 AM
This is Maggie did you get my last message?
Wednesday, Jun 11 • 6:11 AM
Hey Christina this is Maggie with IHS.
.
.
Text message

15. Many, but not all, of the text messages specifically identify Defendant as the sender; however, all of the text messages came from Defendant.

16. Plaintiff does not know why Defendant sought to solicit her to engage in any foreclosure assistance services, as Plaintiff had no interest in procuring any sort of foreclosure assistance services, nor was she interested in selling her home.

17. At all times material to this Complaint, Plaintiff made no inquiries as to foreclosure assistance services or for any real estate services with respect to her property.

18. Plaintiff did not request services from Defendant, did not use Defendant's website(s) or submit any inquiries on them, and did not otherwise communicate with Defendant prior to receiving these telemarketing communications.

19. Plaintiff received at least 12 text messages from Defendant over the course of less than one week; however, given the sheer volume of communications sent by Defendant over such a short period of time, and upon information and belief, Plaintiff believes Defendant delivered additional text messages or placed calls to Plaintiff not depicted above.

20. In fact, Defendant itself admits that Plaintiff is being "bombarded with calls/texts" with respect to her property.

21. Defendant's text messages purport to offer foreclosure assistance to either help Plaintiff keep her property or sell it prior to a foreclosure auction.

22. Defendant's website, https://integratedhomesolutions.org/, touts that it offers "Fast, Easy, and Hassle-Free Solutions to Help Homeowners Solve Real Estate Problems", including loan modifications or affordable home sale options.[3]

23. Additionally, Defendant touts that "[w]e work with mortgage lenders nationwide to help you navigate through all of your options and help you make a decision that Works Best for You!"[4]

---

[3] https://integratedhomesolutions.org/ (last visited May 22, 2026).

[4] *Id.*

24. One of the options offered by Defendant is to help sell the targeted consumer's home, as Defendant's Manager, Reginald Wilson Michel, is a Florida-licensed real estate broker.[5]

25. In other words, Defendant's text messages to Plaintiff are sent under the guise of foreclosure assistance, but ultimately seek would result in Defendant offering real estate representation for the sale of property in exchange for a commission or fee.

26. The FCC's guidance is particularly illuminating here. Congress charged the FCC with implementing the Federal Do-Not-Call rules. 47 U.S.C. § 227(c)(1). In 2005, the National Association of Realtors petitioned the FCC for an exemption from the Do-Not-Call rules' definition of "solicitation" for calls made by real estate agents to property owners with lapsed real estate listings, where the real estate agent solicits their services to a prospective seller. *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 20 F.C.C. Rcd. 3788 (2005). In interpreting the definition of "telephone solicitation," the FCC rejected this proposed exemption, and concluded "that a telephone solicitation would include calls by real estate agents to property owners for the purpose of offering their services to the owner, whether the property listing has lapsed or not." *Id.* at 3793-94.

27. In other words, the FCC has expressly declared that Defendant's conduct qualifies as a regulated telephone solicitation which accordingly must adhere to both 1) the DNC Registry; and 2) the requirement that a telemarketer obtain prior express written consent before sending any telemarketing or solicitation messages.

28. Plaintiff did not give Defendant prior express consent or prior express written consent to deliver text messages to her residential telephone number.

29. The text messages at issue were sent for non-emergency purposes.

30. Upon information and belief, the text messages at issue were delivered by Defendant voluntarily.

---

5 *See* https://integratedhomesolutions.org/faq/ ("We work with many of the largest mortgage lenders nationwide and can, in most cases, help you Stop Foreclosure or even Sell Your Home if you just want a fresh start.") (last visited May 22, 2026).

31. The purpose of the text messages at issue was to advertise and to market Defendant's business or services.

32. Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages to her telephone number.

33. Furthermore, Plaintiff did not give Defendant prior express invitation or permission to send advertisement or marketing text messages to her telephone number.

34. Plaintiff suffered actual harm as a result of the text messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

35. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered her cellular telephone number with the DNC Registry.

## Class Action Allegations

36. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class (the "Class"):

> All persons throughout the United States (1) to whom Integrated Home Solutions LLC delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Integrated Home Solutions LLC's, or its business partners', goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Integrated Home Solutions LLC delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) where the person's telephone number is not assigned to a customer of Integrated Home Solutions LLC, (4) within four years preceding the date of this complaint through the date of class certification.

37. Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

38. Upon information and belief, the members of the Class are so numerous that joinder of all of them is impracticable.

39. The exact number of members of the Class are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

40. The members of the Class are ascertainable because the Class are defined by reference to objective criteria.

41. In addition, the members of the Class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties, including members of the Class.

42. Plaintiff's claims are typical of the claims of the members of the Class.

43. As it did for all members of the Class, Defendant delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered her telephone number with the DNC Registry.

44. Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice, and procedure on the part of Defendant.

45. Plaintiff's claims are based on the same theories as are the claims of the members of the Class.

46. Plaintiff suffered the same injuries as the members of the Class.

47. Plaintiff will fairly and adequately protect the interests of the members of the Class.

48. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class.

49. Plaintiff will vigorously pursue the claims of the members of the Class.

50. Plaintiff has retained counsel experienced and competent in class action litigation.

51. Plaintiff's counsel will vigorously pursue this matter.

52. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class.

53. The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

54. Issues of law and fact common to all members of the Class include:

a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

b. Defendant's practice of delivering text messages, for solicitation

purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

c. Defendant's violations of the TCPA; and

d. The availability of statutory penalties.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56. If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

57. The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

58. The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

59. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

60. The damages suffered by the individual member of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

61. The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

62. There will be no extraordinary difficulty in the management of this action as a class action.

63. Defendant acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**
**On behalf of the Class**

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

66. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

67. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

68. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

69. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

70. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Class, more than one solicitation text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

71. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. §

64.1200, Plaintiff, and the members of the Class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as class representative of the Class under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d. Adjudging and declaring that Defendant violated 47 U.S.C. § 47 U.S.C. § 227(c)(5);

e. Enjoining Defendant from continuing its violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f. Awarding Plaintiff and the members of the Class damages under 47 U.S.C. § 227(c)(5)(B);

g. Awarding Plaintiff and the members of the Class damages under 47 U.S.C. § 227(c)(5)(C);

h. Awarding Plaintiff and the members of the Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i. Awarding Plaintiff and the members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

j. Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Date: June 4, 2026.

By:*/s/ Lawrence W. Freiman*
Lawrence W. Freiman, Esq.
NV Bar No. 10588
FREIMAN LEGAL, P.C.
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
Tele: (310) 917-1004
lawrence@freimanlegal.com

By: */s/ Bryan A. Giribaldo*
Bryan A. Giribaldo* (to seek admission *pro hac vice*)
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444
bgiribaldo@pkglegal.com

*Counsel for Plaintiff and the proposed class*